UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

RAYMATTIE JAGARNAUTH,

                              Plaintiff,

            v.

OASIS LEGAL FINANCE LLC,

                              Defendant.

**MEMORANDUM AND ORDER**
22-cv-7020 (LDH) (LB)

LASHANN DEARCY HALL, United States District Judge:

      Raymattie Jagarnauth ("Plaintiff") commenced this action pro se against Oasis Legal Finance LLC ("Defendant"), asserting various claims under the First Amendment, the Fifth Amendment, Article IV § 1 of the Constitution, Title 42 U.S.C §§ 1983–1986, *Bivens*, Title 18 U.S.C. § 4, admiralty law, and House Joint Resolution 192 of June 5, 1933 ("HJR 192") arising from the repayment obligation of a debt that Plaintiff owes to Defendant. Plaintiff paid the filing fee to commence this action. For the reasons set forth below, Defendant's motion to dismiss the complaint is granted and Plaintiff's complaint is dismissed.

**BACKGROUND**

      Oasis Legal Finance LLC is a financing company that provides clients with "non-recourse funding while they pursue personal injury cases or other claims for damages against third parties." (Mot. to Dismiss at 1, ECF No. 10.) Although not stated explicitly, Plaintiff's complaint suggests that she received such financing from Defendant. Plaintiff now seeks to enjoin Defendant from collecting on this debt by garnishing proceeds she will receive from the settlement of her lawsuit. (Compl. at 5, 8, ECF No. 1; Mot. to Dismiss at 1.) Specifically, Plaintiff requests that the Court (1) enjoin Defendant from "falsely collecting on a debt that they have sold" and (2) compel Defendant to produce the documents and contracts authorizing them to collect on the debt Plaintiff owes them. (*Id.* at 8.)

**DISCUSSION**

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Id.* at 678. While this standard requires more than a "sheer possibility" of a defendant's liability, *id.*, "[i]t is not the [c]ourt's function to weigh the evidence that might be presented at trial" on a motion to dismiss. *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the [c]ourt must merely determine whether the complaint itself is legally sufficient, and in doing so, it is well settled that the [c]ourt must accept the factual allegations of the complaint as true." *Id.* (internal citation omitted).

Moreover, where, as here, a plaintiff is proceeding pro se, her pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 55 U.S. 89, 94 (2007) (per curiam)). This is "particularly so when the *pro se* plaintiff alleges that her civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Still, "even *pro se* plaintiffs asserting civil right claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a 'right to relief above the speculative level.'" *Jackson v. NYS Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555)).

Nonetheless, a district court may dismiss a pro se action *sua sponte*, even if the plaintiff has paid the Court's filing fee, if it determines that the action is frivolous or that the Court lacks subject matter jurisdiction. *See Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000) (affirming *sua sponte* dismissal of frivolous pro se complaint where *pro se* plaintiff had paid the required filing fee). An action is frivolous when "either (1) 'the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy;' or (2) 'the claim is based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (quoting *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam)). "[A] finding of frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Such is the case here.

Despite invoking this litany of federal laws, Plaintiff's complaint does not include a single allegation supporting any of her claims against Defendant. (*See generally* Compl.) That is, even when construing the complaint most liberally, the Court is unable to find that a cause of action has been alleged. *See Coleman v. Suffolk Cnty.,* 154 F. App'x 250 (2d Cir. 2005). To the contrary the claims as alleged lack arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989) ("To the extent that a complaint filed in forma pauperis which fails to state a claim lacks even an arguable basis in law, Rule 12(b)(6) . . . counsel[s] dismissal[.]"); *see also Walker v. Real Life Church*, No. 22-CV-4455, 2022 WL 3358088, at *2 (E.D.N.Y. Aug. 15, 2022) (dismissing pro se complaint as frivolous where the Court could not discern what cognizable harm the plaintiff suffered); *Burton v. USA*, No. 21-CV-6238, 2022 WL 1093217, at *2 (E.D.N.Y. Apr. 12, 2022) (dismissing pro se plaintiff's complaint as frivolous because the

3

allegations rise to the level of the irrational); *Gilot v. Gov't*, No. 21-CV-4346, 2021 WL 3861684, at *2 (E.D.N.Y. Aug. 27, 2021) (dismissing pro se plaintiff's claims because they are "entirely fanciful and frivolous").[1]

Generally, a court should not dismiss a pro se complaint without granting leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted)).  But, a court has inherent power to dismiss without leave to amend or replead "where the substance of the claim pleaded is frivolous on its face," *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988) (citation omitted), or where amendment would otherwise be futile, *Hill v. Curcione*, 657 F. 3d 116, 123–24 (2d Cir. 2011).  Because the Court concludes that Plaintiff's claims are frivolous, and that leave to amend would be futile, the Court declines to grant Plaintiff leave to amend her complaint.

---

[1] To the extent that Plaintiff asserts a "sovereign citizen" claim by invoking HJR 192, based on the "redemptionist" theory that the United States government is ultimately responsible for all citizens' debts, (Compl. at 7), such claims have repeatedly been rejected by courts as frivolous.  *See Wilson v. Nelnet, Inc.*, No. 23-CV-08305, 2024 WL 1858351, at *2 (E.D.N.Y. Apr. 29, 2024); *Greene v. Pryce*, No. 15-CV-3527, 2015 WL 4987893, at *3 (E.D.N.Y. Aug. 18, 2015) ("Theories presented by redemptionists have been rejected by the courts as frivolous arguments.").

4

**CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss is GRANTED and Plaintiff's complaint is DISMISSED.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and in forma pauperis status is therefore denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  The Clerk of Court is respectfully directed to enter judgment, mark this action closed, and mail a copy of this order to the pro se Plaintiff.

SO ORDERED.

Dated:  Brooklyn, New York　　　　　　　　　　/s/LDH
　　　　September 30, 2024　　　　　　　　　　LaSHANN DeARCY HALL
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge